IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ALBERT JACKSON,

        Plaintiff,

    v.                                    Civil Action No.
                                          5:16-CV-0854 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

---

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF

DOLSON LAW OFFICE             STEVEN R. DOLSON, ESQ.
126 North Salina Street
Suite 3B
Syracuse, NY 13202

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN     GRAHAM MORRISON, ESQ.
United States Attorney             Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Acting Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g), and 1383(c)(3) are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on April 7, 2017, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

GRANTED.

2) The Acting Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_David E. Peebles_
U.S. Magistrate Judge

Dated: April 11, 2017
Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
ALBERT JACKSON,

                         Plaintiff,

vs.                                         16-CV-854

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
------------------------------------------------------x
```

*DECISION* – April 7, 2017

James Hanley Federal Building, Syracuse, New York

HONORABLE DAVID E. PEEBLES

United States Magistrate-Judge, Presiding


A P P E A R A N C E S (by telephone)

For Plaintiff:      STEVEN R. DOLSON
                    Attorney at Law
                    126 North Salina Street
                    Syracuse, New York 13202

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of Regional General Counsel
                    26 Federal Plaza
                    New York, New York 10278
                      BY: GRAHAM MORRISON, ESQ.




*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

1      THE COURT: I have before me a request for judicial
2 review of an adverse determination by the Acting
3 Commissioner. The review is sought under 42, United States
4 Code, Section 405(g) and 1383(c).
5      The background is as follows. The plaintiff was
6 born in September of 1967. He is currently 49 years old. He
7 was 47 at the time of the hearing and 45 at the alleged onset
8 of his disability. He lives in Auburn with a nine-year-old
9 son in a second floor apartment which he accesses by
10 stairway.
11      He has a GED. He last worked in May of 2013. The
12 Administrative Transcript at 31 through 33 and 191 reveals
13 that the plaintiff had a variety of positions, including
14 assembly, construction and home remodeling, as a forklift
15 driver, as a kitchen worker, and as a laborer.
16      Medically he suffers from several diagnosed
17 conditions. He has a heart condition which has been
18 diagnosed as high-degree AV block. Although at 226 to 235
19 there does not appear to be evidence of coronary disease. At
20 230 he reports symptoms of intermittent dizziness and
21 lightheadedness. In June of 2013 he underwent a pacemaker
22 implant.
23      He suffers from a shoulder condition, underwent
24 surgery on June 13, 2014 by Dr. Jeffrey Giuliani. That's at
25 pages 400-402. As we discussed during the oral argument, on

1   October 10, 2014 he reported that his pain had significantly
2   improved, that he was satisfied with the surgery and had
3   minimal pain and no need for medication for his shoulder.
4   That's at page 390 of the Administrative Transcript.
5           Plaintiff suffers from a lumbar back condition.
6   For that he has seen primarily Dr. Renee Ryan, who is a
7   general medical practitioner.  He underwent a CT myelogram on
8   September 25, 2014, that's at page 508 to 509, which
9   disclosed minimum disc bulging, no evidence of root
10  compression, no foraminal or central stenosis.
11          The plaintiff uses a cane to help him stand and
12  walk, and that was prescribed by Dr. Ryan.  That's at
13  page 431 of the Administrative Transcript.
14          The plaintiff has been diagnosed by Auburn
15  Orthopedic Specialists, at page 505, as suffering from
16  lumbago and sciatica.
17          In terms of daily activities, among other things
18  testified at the hearing and also at 362, which I believe is
19  Dr. Ganesh's report, he reported that he cooks, cleans,
20  showers, dresses, watches television, reads, and takes care
21  of his son.
22          Procedurally, the plaintiff applied for Title II
23  and Title XVI benefits under the Social Security Act on
24  August 2, 2013, alleging an onset date of May 29, 2013.  In
25  that he listed sleep apnea, heart condition, pacemaker, and

1　lower back pain as his medical conditions imposing
2　limitations.  That's at page 189.
3　　　　　A hearing was conducted by John Ramos,
4　Administrative Law Judge, on January 6, 2015.  ALJ Ramos
5　issued a decision on March 11, 2015 that was unfavorable to
6　the plaintiff.  The Social Security Administration Appeals
7　Council denied plaintiff's request for review on May 23,
8　2016, making the ALJ's decision a final determination of the
9　Agency.
10　　　　　In his decision ALJ Ramos applied the now familiar
11　five step sequential test for determining disability.
12　　　　　At step one he concluded that plaintiff had not
13　engaged in substantial gainful activity since his alleged
14　onset date.
15　　　　　At step two he concluded that plaintiff suffers
16　from several severe impairments, including a history of right
17　shoulder surgery, history of heart blockage, lumbago,
18　sciatica, and obesity.
19　　　　　At step three he concluded that the plaintiff's
20　conditions did not either meet or medically equal either
21　singly or in combination any of the listed presumptively
22　disabling conditions.  He considered listings 1.02, 1.04 and
23　4.05, and relied on the opinions of Dr. Plotz primarily for
24　making that determination.
25　　　　　The ALJ then went on to conclude that plaintiff

retains the residual functional capacity, or RFC, to perform sedentary work, except that he can never kneel, crouch, or crawl; he can occasionally stoop, balance and climb; he can never tolerate exposure to unprotected heights; and he can occasionally tolerate exposure to extreme cold and extreme heat.

The Administrative Law Judge then concluded at step four that the plaintiff cannot perform any of his past relevant work.

And at step five applying the Medical-Vocational Guidelines, or the grids, set forth in the Commissioner's regulations, and after concluding that the limitations experienced by plaintiff do not sufficiently erode the job base on which the grids are predicated as to require vocational expert testimony, concluded that under the grids, and particularly Rule 201.21, a finding of not disabled is directed.

As you know, my standard of review -- my task is limited. The standard of review is that correct legal principles were applied in determining whether substantial evidence supports the Commissioner's determination. Obviously, at the heart of plaintiff's argument is that the treating physician opinion of Dr. Renee Ryan was improperly rejected as controlling, although counsel has withdrawn that argument considerably, but argues that it is nonetheless

entitled to weight and that in determining the extent of the weight given, the Administrative Law Judge failed to apply the factors set forth in the regulations.

Clearly the regulations require in determining what weight to give or assign to a treating physician's opinions, the regulations require that the ALJ consider the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the degree to which the medical source has supported his or her opinion, the degree of consistency between the opinion and the record as a whole, whether the opinion is given by a specialist, and other evidence which may be brought to the attention of the ALJ. That's at 20 CFR Sections 404.1527 and 416.927.

I am sensitive to the sheer volume of cases that Administrative Law Judges deal with. Does ALJ Ramos slavishly recite those and discuss those parameters and factors in his decision? No. But as defendant's counsel has indicated, he does go through a fairly thorough analysis of the medical records, and at pages 18 and 19 provides an indication of why he does not believe that Dr. Ryan's opinions are worthy of controlling weight. He does not specifically say the degree of weight that he is giving the opinion, but I think you can read between the lines, and the Second Circuit has been very clear that, although I'm

1   cognizant of the *Greek* decision, in *Atwater versus Astrue*,
2   512 F.App'x 67, as long as the reasoning is clear, slavish
3   recitation of the factors need not be made.
4         In this case, as I indicated in oral argument, it's
5   pretty clear Dr. Ryan's opinions are outliers; they're not
6   supported by the objective medical evidence, they're not
7   supported by her own treatment notes, and they're certainly
8   inconsistent with the opinions of Dr. Plotz, which is
9   rendered based on a review of the entire record after the
10  opinion of Dr. Ryan was given.  And also it's inconsistent
11  with Dr. Ganesh, Dr. Ganesh's consultative report, although I
12  acknowledge that that occurred several months before the
13  report from Dr. Ryan.
14        But, in sum, I believe that the rejection of
15  Dr. Ryan's report either as controlling or as entitled to
16  significant weight is explained and is supported.  So the
17  rationale I think is clear.  And so I think the *Jones* case,
18  which was cited by the Commissioner, *Jones versus Colvin*,
19  it's a Northern District case, 2017 WL 758511, controls and
20  shows that since the rationale is clear, the rejection is
21  proper.
22        Dr. Ryan is not a specialist; she's a primary care
23  doctor.  As I indicated, her opinions are inconsistent with
24  Dr. Ganesh and Dr. Plotz.  To the extent that she argues or
25  asserts that plaintiff is disabled, that's at 507, that is a

matter that's reserved to the Commissioner.  Her opinions are inconsistent with the plaintiff's daily activities, with the treatment notes, many of which show that plaintiff's gait was normal, and there are pages cited by the respondent that bear that out.  It's inconsistent with the CT myelogram, and it appears to be based solely on plaintiff's subjective complaints.

So, I don't find any error and will, therefore, award judgment on the pleadings to the defendant.

Thank you both for excellent arguments.  I hope you have a good weekend.

*          *          *

C E R T I F I C A T I O N

      I, EILEEN MCDONOUGH, RPR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

_____
EILEEN MCDONOUGH, RPR, CRR
Federal Official Court Reporter